**In re Jeannine Y. SMITH, Debtor.**

No. 97–22714–7.

United States Bankruptcy Court, D. Kansas.

May 23, 2003.

Mitchell L. Burgess, Kansas City, MO, for David C. Seitter.

Juliann W. Graves, Berman, DeLeve, Kuchan & Chapman, Kansas City, MO, for Community Credit Co.

Seith Liebson, Kansas City, MO, pro se.

Steven R. Rebein, Grimes & Rebein, L.C., Lenexa, KS, Charles R. Wilson, Overland Park, KS, for Jeannine Yvette Smith.

David C. Seitter, Spencer, Fane, Britt & Browne, Kansas City, MO, pro se.

## MEMORANDUM OPINION AND ORDER [1]

JOHN T. FLANNAGAN, Bankruptcy Judge.

When Jeannine Y. Smith filed her bankruptcy case, she had been using the weight reduction product, Fen Phen, without experiencing deleterious effects so far as the record shows. She stopped taking the drug when its producer took it off the market. After her bankruptcy case was closed, she suffered shortness of breath, which she dismissed as being related to her overweight condition. Later, she underwent a diagnostic procedure for Fen–Pen injury. Although the record does not show the results of this test, Smith retained a law firm and pursued a cause of action resulting in a recovery by settlement of $17,188.99, apparently as a member of a class action suit.[2]

The former Chapter 7 trustee, David C. Seitter, has moved to reopen the case so that he may administer the recovery, and the debtor has objected.[3]

### The Question

When Jeannine Smith filed her bankruptcy case, did she hold an accrued cause of action for injury by Fen–Phen that became property of the bankruptcy estate?

The court rules that Jeannine Smith did not hold an accrued cause of action for injury from Fen–Phen that became property of her bankruptcy estate when she

---

1. Debtor Jeannine Y. Smith appears by her attorney, Charles R. Wilson, Overland Park, Kansas. The former Chapter 7 trustee, David C. Seitter, appears on his own behalf and by his attorneys, Lisa A. Epps, Scott J. Goldstein and Eric L. Johnson of Spencer, Fane, Britt & Browne, Kansas City, Missouri.

2. Stipulations in Final Pretrial Conference Order filed April 11, 2002 (Doc. # 54), at 2–3.

3. Motion to Withdraw Report of No Distribution and Notice of Abandonment; and Motion to Re–Open Bankruptcy Case and Authorizing the Appointment of a Trustee filed September 24, 2001 (Doc. # 23).

commenced her bankruptcy case. Consequently, no recovery on a later accruing cause of action could become property of the estate subject to administration, and the case should not be reopened.

### Analysis

*Background*

Jeannine Smith filed a Chapter 13 case on September 25, 1997. It was converted to a Chapter 7 case on October 16, 1997. The Chapter 7 trustee administered the case, and the Clerk closed the case on April 2, 1998. In November of that year, about seven months after the Clerk closed the converted Chapter 7 case, Smith noticed that she was short of breath, but she dismissed it as being related to her overweight condition. In March 2000, after her aunt heard on television that persons who had taken Fen–Phen should undergo diagnostic procedures, Smith did so. But so far as the record shows, there is no definitive statement that Smith was diagnosed as suffering injury from Fen–Phen. In fact, in the former Chapter 7 trustee's application for approval of employment of Peterson & Associates as special counsel in Fen–Phen litigation, he indicates that "... Debtor's health condition was not 'FDA positive' and under the National Class Action Settlement for Fen–Phen claims she would have been limited to minimal compensation in the amount of $500.00 ...."[4] This statement raises the question whether Smith had a clear-cut injury, notwithstanding that a settlement was negotiated to conclude her claim.

*Property of the Estate*

The commencement of a bankruptcy case creates an estate comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case."[5] A Chapter 7 trustee must "collect and reduce to money the property of the estate ... and close such estate...."[6] But after a case is closed, it can be reopened "to administer assets...."[7]

■ The first question is whether a debtor holding an accrued cause of action for personal injury at the commencement of a bankruptcy case holds a "legal or equitable interest ... in property." If so, that interest becomes property of the bankruptcy estate subject to administration, unless the debtor can claim it exempt from property of the estate.[8] If at the outset of the bankruptcy case a cause of action is property of the estate, a later recovery on that cause of action would be derivative of the cause of action and therefore also property of the estate. Most courts hold that a cause of action that has accrued to a debtor at the commencement of the bankruptcy case is property of the estate.[9] But if the cause of action has not accrued by the commencement of the bankruptcy case, is it an interest in property that is property of the estate?

*State Law Controls Debtor's Property Rights*

■ The former trustee argues in his brief that 11 U.S.C. § 101(5) defines Smith's claim for Fen–Phen injury for the purposes of this case. The flaw in this

---

4. Application for Order Authorizing Employment of Peterson & Associates, P.C. as Special Counsel for Trustee and Motion for Approval of Fen Phen Settlement filed December 26, 2001 (Doc. # 42), at 2.

5. 11 U.S.C. § 541(a)(1).

6. 11 U.S.C. § 704(1) and § 350(a).

7. 11 U.S.C. § 350(b).

8. 11 U.S.C. § 522.

9. *See* cases cited in *Swift v. Seidler (In re Swift)*, 198 B.R. 927, 930 (Bankr.W.D.Tex. 1996).

argument is addressed in the 1996 Texas bankruptcy court decision of *Swift v. Seidler (In re Swift).*[10] That court correctly explains the scope of § 101(5) and the distinction between claims against the estate and claims that bring property into the estate under § 541(a)(1). State law determines when an interest in property becomes property of the estate:

Moreover, the definition of "bankruptcy claim" is wholly a creation of federal law. Because section 101(5) provides solely a federal definition of "claim," an interest may be a "bankruptcy claim" even if it is not recognized as such under state law. Whether a state's law recognizes a given claim as one which is "valid" as of the commencement of the case is simply not the primary inquiry that is made when determining if an interest, asserted *against* the estate, is a "bankruptcy claim" under section 101(5). However, section 541(a)(1) affirmatively relies upon state law to determine what interests of a debtor become "property of the estate." Therefore, although a given interest may be a "bankruptcy claim" under the federal definition of section 101(5) when asserted *against* the estate, if it is one to be asserted *by* the estate, but is not recognized under applicable state law as a valid interest in property as of the commencement of the case, it *cannot* become "property of the estate" under section 541(a)(1).[11]

As noted, a debtor's property rights in bankruptcy are determined by state law.[12] The court assumes that the question here—when did a cause of action for personal injury accrue?—is controlled by Kansas law. According to Smith's bankruptcy petition, she is a Kansas resident and, of course, this bankruptcy case was filed in Kansas. The motion and pleadings do not state where the Fen–Phen was purchased or ingested nor do they mention any contacts that Smith may have had with any state other than Kansas.

### Kansas Law

The subject of accrual of causes of action for personal injury under Kansas law is addressed in Chapter 60, Section 513(a), of the Kansas Statutes Annotated under the general subject of limitations of actions. K.S.A. 60–513(a)(4) prescribes a two-year limitation period for personal injury actions or in the words of the statute, "[a]n action for injury to the rights of another, not arising on contract...." Subsection (b) of K.S.A. 60–513 explains when a cause of action for personal injury accrues. According to this statute, a cause of action does not accrue until a wrongful act causes substantial injury.[13] In the second clause of this statute, the Kansas legislature has adopted the discovery rule. It states that if the wrongful act and the resulting injury are separated in time, a cause of action does not accrue until the fact of injury is reasonably ascertainable by the injured party. Furthermore, under this statute, the period of limitation does not commence until injury becomes ascertainable to the injured party.

[T]he causes of action [for personal injury, K.S.A. 60–513(a)(4)] shall not be deemed to have accrued until the act giving rise to the cause of action first causes substantial injury, or, if the fact of injury is not reasonably ascertainable until some time after the initial act, then

---

10. 198 B.R. 927 (Bankr.W.D.Tex.1996).

11. 198 B.R. at 936.

12. *Butner v. United States,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).

13. *See also* K.S.A. 60–510, requiring accrual of a cause of action to trigger the statute of limitations.

the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party.... [14]

As noted, if a cause of action had accrued by the time Smith's bankruptcy case was filed, it would have been an interest in property of the debtor that became property of her bankruptcy estate.[15]

*Former Trustee's Burden*

█ But to show a cause of action had accrued by the petition date under K.S.A. 60–513(b), the former trustee, David C. Seitter, must establish that Smith could reasonably have ascertained that she had been injured by Fen–Phen when she filed her petition. He has failed to provide this showing. All that he has shown is that Smith had taken Fen–Phen before it was banned but was asymptomatic when she discontinued its use and filed her bankruptcy case. He has not shown that Smith could reasonably have ascertained at the commencement of her case that she had been injured by Fen–Phen. In fact, he has not even shown that Smith suffered injury as a result of ingesting Fen–Phen, albeit she did recover by settlement. At best, he has shown that Smith could have reasonably ascertained two years after her case was closed that Fen–Phen had injured her.

From the available information, the court cannot determine, under the controlling Kansas statute, whether Smith was injured or, if she was, that the injury was reasonably ascertainable when she filed her bankruptcy case. No testimony or affidavit from Smith was offered bearing on whether she could have reasonably ascertained that she was injured when she filed her petition. And it was conceded that she experienced no symptoms until November 1998 (if shortness of breath is indeed a symptom of Fen–Phen), more than a year after her case was filed and seven months after it was closed. No diagnostic procedure was performed until March 2000, almost two years after her case was closed. On these facts, assuming the diagnostic procedures established injury related to Fen–Phen, it appears that Smith's cause of action, if she had one, did not accrue until two and a half years after her case was filed and two years after her bankruptcy case was closed on April 2, 1998.

### Conclusion

On this record, even assuming Jeannine Smith was injured by Fen–Phen, the court cannot find that she could have reasonably ascertained the fact of injury when she filed her bankruptcy case on September 25, 1997. Consequently, the court cannot say that she held an accrued cause of action on that date that was an interest in property she was required to list in her schedules, that was property of the estate, or that resulted in a recovery the trustee can administer.

IT IS THEREFORE ORDERED that the Motion to Reopen, the Motion to Withdraw Report of Abandonment and No Distribution, and the Motion to Appoint Trustee are denied.[16] The former trustee is directed to turn over to Smith her Fen

---

14. K.S.A. 60–513(b). *See also* K.S.A. 60–510 and 60–3303, a section of the Kansas Product Liability Act. For an extended discussion of K.S.A. 60–513 and 60–3303, *see* Steve R. Fabert, *Statutes of Limitation, Statutes of Repose and Continuing Duties Under the Kansas Product Liability Act*, 36 WASHBURN L.J. 367 (1997).

15. 11 U.S.C. § 541(a)(1).

16. Motion to Withdraw Report of No Distribution and Notice of Abandonment; and Motion to Re–Open Bankruptcy Case and Authorizing the Appointment of a Trustee filed September 24, 2001 (Doc. # 23).

Phen settlement recovery of $17,188.99 plus accrued interest forthwith.